# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SEAN M. DONAHUE,

        Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,

        Agency.

DOCKET NUMBERS
PH-3330-16-0342-I-1
PH-3330-16-0435-I-1

DATE: July 21, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Sean M. Donahue, Hazleton, Pennsylvania, pro se.

Alison M. Debes, Esquire, Philadelphia, Pennsylvania, for the agency.

Marcus S. Graham, Esquire, Pittsburgh, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The appellant has filed petitions for review of the initial decisions, which denied his request for corrective action concerning two nonselections under the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Veterans Employment Opportunities Act of 1998 (VEOA). For the reasons discussed below, we JOIN the appeals, GRANT the appellant's petitions for review, VACATE the initial decisions, and REMAND the cases to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 This decision involves two appeals, each regarding the appellant's nonselection for a vacancy announcement. *See Donahue v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-16-0342-I-1 (0342 Appeal), Initial Appeal File (0342 IAF), Tab 1; *Donahue v. Department of Veteran Affairs*, MSPB Docket No. PH-3330-16-0435-I-1 (0435 Appeal), Initial Appeal File (0435 IAF), Tab 1. The first appeal concerned Announcement Number 693-16-HB-1701907-BU, which corresponded to a GS-05/09 Budget Analyst Intern position at the agency's facility in Wilkes-Barre, Pennsylvania. 0342 IAF, Tab 11 at 12. The second concerned Announcement Number 693-16-HB-1727761-BU, the same position at the GS-07 level. 0435 IAF, Tab 4 at 11.

¶3 The agency posted both vacancy announcements under the Pathways Recent Graduate Program (Pathways Program). 0342 IAF, Tab 11 at 12-14; 0435 IAF, Tab 4 at 11-14. Therefore, as recognized in those announcements, the positions were only open to applicants that graduated from a qualifying educational program within the 2 preceding years or veterans who graduated within the 6 preceding years if they were unable to participate in the Pathways Program during their 2-year post-graduate period because of military service. 0342 IAF, Tab 11 at 13-14; 0435 IAF, Tab 4 at 13; *see* Exec. Order No. 13,562, 75 Fed. Reg. 82,585 (Dec. 27, 2010).

¶4 The appellant applied for both vacancy announcements, acknowledging that he completed his most recent educational endeavor more than 10 years earlier. 0342 IAF, Tab 11 at 23-24; 0435 IAF, Tab 4 at 19, 22. The agency found that he was not eligible. 0342 IAF, Tab 11 at 33; 0435 IAF, Tab 4 at 31. For the first

vacancy announcement, the agency ultimately cancelled the posting without selecting anyone. 0342 IAF, Tab 4 at 4-6, Tab 11 at 34. For the second vacancy announcement, the agency determined that a number of applicants were eligible, the selecting official chose a primary and two alternates, each of which were veterans, and the agency filled the position with one of those veteran candidates. 0435 IAF, Tab 4 at 33-46, 48.

¶5    After exhausting his administrative remedies with the Department of Labor (DOL), the appellant filed timely appeals of his nonselections. 0342 IAF, Tab 1; 0435 IAF, Tab 1. For each, the administrative judges denied the appellant's request for corrective action under VEOA, without holding the requested hearing. 0342 IAF, Tab 32, Initial Decision (0342 ID); 0435 IAF, Tab 15, Initial Decision (0435 ID). The appellant has filed a petition for review in each appeal. *Donahue v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-16-0342-I-1, Petition for Review (0342 PFR) File, Tabs 1-2; *Donahue v. Department of Veteran Affairs*, MSPB Docket No. PH-3330-16-0435-I-1, Petition for Review (0435 PFR) File, Tab 1. The agency has filed responses, 0342 PFR File, Tab 4; 0435 PFR File, Tab 3, and the appellant has replied, 0342 PFR File, Tab 5; 0435 PFR File, Tab 4.

¶6    Though adjudicated separately below, we join the two appeals on review because the facts are interrelated and joinder will expedite processing without adversely affecting the interests of the parties. *See* 5 C.F.R. § 1201.36(b).

The administrative judge properly denied the appellant's request for corrective action under VEOA in the 0342 Appeal.

¶7    To prevail on the merits of his claim that the agency violated his veterans' preference rights, the appellant must prove by preponderant evidence that: (1) he exhausted his remedy with DOL; (2) he is a preference eligible within the meaning of VEOA; (3) the action at issue took place on or after the October 30, 1998 enactment date of VEOA; and (4) the agency violated his rights under a statute or regulation relating to veterans' preference. *See Lazaro v. Department*

*of Veterans Affairs*, [666 F.3d 1316](#), 1319 (Fed. Cir. 2012) (setting forth these elements in terms of the appellant's lesser jurisdictional burden); *Isabella v. Department of State*, [106 M.S.P.R. 333](#), ¶¶ 21‑22 (2007) (finding that, to prevail on the merits, the appellant must prove these elements by preponderant evidence), *aff'd on recons.*, [109 M.S.P.R. 453](#) (2008).

¶8   It is undisputed that the vacancy at issue in the 0342 Appeal included a recent graduate requirement, pursuant to the Pathways Program, and the appellant did not meet that requirement.  0342 IAF, Tab 11 at 12-14.  It is also undisputed that the agency accepted the appellant's application and acknowledged his 5-point veterans' preference eligibility, but found him ineligible for the vacancy.  *Id.* at 33.   Among other things, the administrative judge properly noted that an agency's decision to utilize the Pathways Program, including its recent graduate requirement, does not violate any veterans' preference law or regulation.  0342 ID at 4-5; *see Dean v. Department of Labor*, [808 F.3d 497](#), 504-08 (Fed. Cir. 2015). Accordingly, the administrative judge found that the appellant failed to meet his burden of proving a violation of any veterans' preference rights.  0342 ID at 4-6.

¶9   On review, the appellant argues that the agency improperly canceled the initial vacancy announcement in retaliation for his complaints.[2]  0342 PFR File, Tab 1 at 6.  As our reviewing court has recognized, "[a]n agency may cancel a vacancy announcement for any reason that is not contrary to law." *Abell v. Department of the Navy*, [343 F.3d 1378](#), 1384 (Fed. Cir. 2003).  Here, the record suggests that the agency canceled the initial GS-05/09 vacancy announcement and replaced it with the second GS-07 vacancy announcement just

---

[2] The appellant also suggests that the administrative judge erred by finding that he failed to meet his jurisdictional burden.  0342 PFR File, Tab 1 at 4.  However, he is mistaken.  The administrative judge did not dismiss his appeal for lack of jurisdiction; she denied the appeal on the merits.  0342 ID.  In addition, the appellant asserts that additional discovery is necessary.  0342 PFR File, Tab 1 at 4, 7.  However, without any further explanation, that broad assertion does not warrant review of the administrative judge's discovery rulings, which included her partial granting of the appellant's motion to compel.  0342 IAF, Tabs 20, 22, 27.

days later to correct the advertised grade level. 0342 IAF, Tab 4 at 4, Tab 11 at 4-5, 36–46. We are not persuaded by the appellant's bare assertion that the cancellation was, instead, an act of retaliation or otherwise contrary to law.

¶10 Next, the appellant reasserts that it was improper for the agency to use the Pathways Program, arguing that the program is altogether illegal and invalid. 0342 PFR File, Tab 1 at 4-5, 7-8. However, as noted above, our reviewing court has held otherwise. *Dean*, 808 F.3d at 504-06. The court also has found that an agency does not act contrary to any veterans' preference laws or rules, or violate veterans' preference rights, by considering the Pathways Program's education requirement as the basis for excluding a veteran from consideration. *Id.* at 506-08.

¶11 The appellant also alleges that the agency engaged in discrimination, "favoring non-whites, especially immigrants," and failed to properly compare his academic credentials to the individual ultimately selected for the second vacancy. 0342 PFR File, Tab 1 at 5-7. The Board's role under VEOA is not to determine whether a preference eligible is qualified for a particular position or whether he should have been selected for the position in question, but instead focuses on the narrower question of whether the agency violated veterans' preference rights. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 11 (2014), *aff'd*, 818 F.3d 1361 (Fed. Cir. 2016). Moreover, VEOA does not provide the Board with the authority to review allegations of discrimination. *Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶¶ 11-12 (2001). Therefore, we cannot address the appellant's allegations concerning his credentials or discrimination.

¶12 Accordingly, we agree with the administrative judge and find that the appellant has failed to meet his burden under VEOA for the 0342 Appeal.

<u>The administrative judge prematurely denied the appellant's request for corrective action under VEOA in the 0435 Appeal.</u>

¶13     Like the 0342 Appeal, the record in the 0435 Appeal includes evidence that the vacancy at issue included a recent graduate requirement, pursuant to the Pathways Program, and the appellant did not meet that requirement. 0435 IAF, Tab 4 at 11-13, 22. The record also includes evidence that the agency accepted the appellant's application and acknowledged his 5-point veterans' preference eligibility, but found him ineligible for the vacancy. *Id*. at 31.

¶14     The administrative judge denied the appellant's VEOA claim, concluding that he failed to meet his burden. 0435 ID at 6-8. However, as the appellant noted in his petition for review, 0435 PFR File, Tab 1 at 4, and, as further explained below, the administrative judge issued the initial decision prematurely. Therefore, remand is appropriate.

¶15     The appellant filed the 0435 Appeal on August 18, 2016. 0435 IAF, Tab 1. On August 22, 2016, the administrative judge issued an acknowledgment order with relevant information, including discovery procedures. 0435 IAF, Tab 2. The order provided 30 days for initial discovery requests and 20 days for responses. *Id*. at 4. On August 25, 2016, the administrative judge issued a separate jurisdictional order, instructing the appellant to submit a statement concerning jurisdiction within 12 days. 0435 IAF, Tab 6 at 6-7. That order indicated that, if the appellant met his jurisdictional burden, the administrative judge would allow additional development of the record and a hearing, if necessary. *Id*. at 7-8. On September 7, 2016, the administrative judge issued the initial decision, finding that the appellant met his jurisdictional burden and denying his claim on the merits. 0435 ID at 1-2.

¶16     Consistent with the instructions provided in his acknowledgment and jurisdictional orders, the administrative judge should have permitted the parties to complete discovery and further develop the record before denying the appellant's VEOA claim on the merits. *See Jarrard v. Department of Justice*, 113 M.S.P.R.

502, ¶¶ 11, 14 (2010) (remanding a VEOA appeal when the administrative judge found jurisdiction and then ruled on the merits of the appeal without issuing a close of the record order or affording the parties the opportunity to make submissions regarding the merits of the appeal); *Ruffin*, 89 M.S.P.R. 396, ¶¶ 8-9 (same); 5 C.F.R. § 1201.59(b). Although the reasons his 0342 Appeal failed under VEOA may similarly apply in the 0435 Appeal, the appellant must be allowed the opportunity to develop the record and present his arguments.

¶17 On remand, the administrative judge must provide the parties with an opportunity to complete discovery and make submissions regarding the merits of his VEOA appeal. *Ruffin*, 89 M.S.P.R. 396, ¶ 9. Because the appellant has requested a hearing, if the parties' submissions show that there is a factual dispute material to the issue of whether he is entitled to relief under VEOA, the administrative judge shall hold one. *Id.*; 0435 IAF, Tab 1 at 2.

The administrative judge must further develop any potential Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) claim concerning the appellant's nonselections.

¶18 In his petitions for review of both appeals, the appellant argues that the underlying facts should be considered under a number of other provisions of law or regulations. 0342 PFR File, Tab 1 at 5-6; 0435 PFR File, Tab 1 at 5-6. Most notably, he refers to USERRA and generally alleges that he was punished for being a Gulf War veteran.[3] 0342 PFR File, Tab 1 at 5-6; 0435 PFR File, Tab 1

---

[3] The appellant also referred to other provisions of law and regulation, including 5 U.S.C. § 3319, The Defense Authorization Act of Fiscal Year 1998, 5 C.F.R. § 1201.3(a)(7), (b)(2), 5 C.F.R. § 300.103-.104, 5 U.S.C. § 7701, and "any other jurisdictions that [he] failed to mention or is unaware of." 0342 PFR File, Tab 1 at 5-6; 0435 PFR File, Tab 1 at 5-6. However, even if the appellant raised these matters below, it is not apparent how these provisions relate to his nonselections, and he has provided no substantive explanation on these matters. Therefore, we will not address them further. *See generally Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶¶ 6-7 (2016) (discussing the difference between pro forma and nonfrivolous allegations), *aff'd per curiam*, 679 F. App'x 1006 (Fed. Cir. 2017).

at 5-6; *see Henson v. U.S. Postal Service*, 110 M.S.P.R. 624, ¶ 10 n.6 (2009) (recognizing that USERRA claims are broadly and liberally construed).

¶19     In the 0342 Appeal, it appears that the appellant failed previously to invoke or otherwise present a USERRA claim.  Nevertheless, the Board will adjudicate a USERRA claim even if the appellant raises it for the first time on review. *Henson*, 110 M.S.P.R. 624, ¶ 10 n.6.  In the 0435 Appeal, the appellant did invoke USERRA, 0435 IAF, Tab 7 at 7, Tab 8 at 4, but the administrative judge failed to explain the Board's jurisdiction in USERRA appeals or address USERRA in any other way, *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (recognizing that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue); *Rassenfoss v. Department of the Treasury*, 121 M.S.P.R. 512, ¶¶ 18-19 (2014) (remanding a USERRA claim when, among other things, the administrative judge did not adequately apprise the appellant of the burdens of proof and the type of evidence necessary to satisfy those burdens).

¶20     On remand, the administrative judge must provide the appellant with the applicable standards in a USERRA appeal and address any responsive argument and evidence accordingly.  *Rassenfoss*, 121 M.S.P.R. 512, ¶¶ 18-19.  Because we have joined the 0342 Appeal and 0435 Appeal, the administrative judge should address USERRA in both, if necessary.

**ORDER**

¶21     For the reasons discussed above, we remand the now-joined appeals to the regional office for further adjudication in accordance with this Remand Order. The administrative judge should permit the appellant an opportunity to develop his VEOA claim for the second vacancy announcement and any USERRA claim he may have for either vacancy announcement. The administrative judge should incorporate by reference our analysis and disposition of the appellant's VEOA claim for the first vacancy announcement into a new initial decision so that the appellant will have a single decision with appropriate notice of appeals rights addressing both nonselections, VEOA, and USERRA. *See Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 12 (2005).

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.